MEADE *et al.*

*v.*

CAMPBELL *et al.*,

(*Supreme Court of Appeals of Virginia, Sept. 14, 1899.*)

[34 S. E. Rep. 30.]

### Wills—Administration—Case at Bar.

A legatee is not entitled to charge land devised to co-legatees for a deficiency in her share of the personal property paid to her by the executor, where it is shown he distributed the personal property to her co-legatees without reference to her right to a proportion thereof.

### Same—Same—Conversion—Case at Bar.*

A provision in a will authorizing the executors to sell certain real estate on the request of the testator's wife, and to invest the proceeds, does not work a conversion of such realty, so that it will be treated as personal property for the purposes of administration, but the title thereto passes to the devisee, where the widow made no request.

### Sale under Trust Deed—Right of Devisee to Enjoin Sale—Case at Bar.

A devisee is not entitled to maintain a bill to enjoin a sale under a trust deed, executed by all the devisees but herself, until after the land has been partitioned, as her interest in the land could not be, in any way, affected by the sale, and she could have partition of the land as well after as before the sale.

Appeal from circuit court, Bedford county.

Bill by Francis W. Meade and another against one Campbell, as trustee, and others, to enjoin the sale of certain real estate under a trust deed. From a decree in favor of defendants, complainants appealed. Affirmed.

---

*See monographic note on "Conversion and Reconversion" appended to Vaughan *v.* Jones, 23 Gratt. 444 (Va. Rep. Anno.).

*S. Griffin,* for appellants.

*Blackford, Horsley & Blackford,* for appellees.

RIELY, J., delivered the opinion of the court.

John A. Wharton devised and bequeathed his entire estate, real and personal, to his wife for the term of her natural life. At her death, after giving a couple of legacies, he devised and bequeathed equally to his children living at his death, and to the descendants of any who might then be dead, per stirpes, except to his son John, whose full share, he stated, had been given to the wife and children of his said son, all the rest and residue of his estate ; and, in order to equalize his children, he directed that certain of them be charged with advancements that he had made them, the amounts thereof being specified in the will.

He authorized and empowered his executors to sell and convey a certain small lot of land, and also, on the request of his wife, to sell the house and lot on which he resided, and to hold and invest the proceeds in real and personal estate, to be held as he had previously directed as to his real and personal estate.

On February 1, 1892, in the lifetime of his wife, she and the devisees of the testator, other than the complainant Francis W. Meade, conveyed all their estate, right, title, and interest in the said house and lot, and also in a certain tract of land owned by the testator at his death, in trust to secure two negotiable notes, of $3,000 each. Default having been made in the payment of the notes, the trustee, by direction of the holder of the notes, advertised for sale the interests of the said grantors in the said lands ; whereupon the complainants filed their bill, charging that the executor had distributed all the personal estate, or much the larger part of the same, among the other legatees, without reference to the right of the female complainant to her proportion thereof, and without her knowledge that such dis-

tribution was being made or contemplated; that he and his sureties were insolvent, and that she had no security for her portion of the personal estate, except the said real estate; and asking that the sale under the deed of trust be enjoined and restrained until her rights were ascertained and determined, and all proper accounts to that end were taken.    To this bill the other devisees and legatees, the trustee, and the owner of said notes were made parties defendant, but not the executor or his sureties, the female complainant being one of them, nor any relief prayed against them.

The trustee and holder of the notes demurred to and answered the bill, and, upon the hearing of the cause, the court, being of opinion that the female complainant was not entitled to charge the lands devised by the testator for any amount due her in the distribution of the personal estate, sustained the demurrer.    She and her husband thereupon presented to the court their amended bill, alleging that she was entitled, under her father's will, to one undivided sixth of the said tract of land; that it could be conveniently divided in kind; and prayed that her one-sixth be allotted to her before permitting the sale of the other undivided five-sixths interests to be made.    The court denied the motion of the complainants to be allowed to file the amended bill, and dismissed the original bill, but without prejudice to the right of the female complainant to have partition of said land in a proper suit for the purpose, and without prejudice of any right in her to institute a suit or suits to recover of the said executor, or of the legatees who may have been overpaid, such balances as might be due her upon a proper distribution of the personal estate.    To this decree she was allowed an appeal by one of the judges of this court.

The property of a decedent, unless converted by his will, passes as it was at the time of his death, and its nature is not changed in the transmission to those who become his representatives and beneficiaries.    Real estate still retains its original

character as land, and as such passes to his heirs or devisees, as the case may be, and the personal estate passes to his personal representative still as personalty.

In the case before us, there was no conversion of the land into money by the terms of the will, nor was there a deficiency of personal estate to equalize the appellant in its distribution. The real estate passed as land to her and the other devisees, and the personal estate went, under the law, to the executor of the testator.

The authority vested in the executors to sell the house and lot, on the request of the wife of the testator, was not a conversion of it into personalty. She never made the request, but, on the contrary, united with the devisees in remainder, other than the appellant, in conveying it to secure the said notes. To convert land into money, the direction to sell must be absolute and unconditional. The will or other instrument must contain an imperative direction to sell the real estate, in order to convert it into money. If the power to sell requires for its execution the request or consent of the parties interested, there is no conversion, unless such request is made or consent is given. It therefore follows that the real estate of the testator in the case at bar retained its original character, and passed at his death to his devisees as land. 7 Am. & Eng. Enc. Law (2d Ed.) 467, 468 ; Evans v. Kingsberry, 2 Rand. 120.

The personal estate, which passed into the hands of the executor, was ample to equalize the appellant and the other residuary legatees. She and they were entitled to be paid their respective shares by the executor, and they were entitled to equal shares of the lands, without reference to the division of the personal estate. If the executor misappropriated or wasted the personal estate, and the appellant has been deprived of her share thereof, she has her remedy against him and his sureties for the devastavit. There is no principle of law or equity which requires that any part of the shares of the other devisees of the lands be surrenderd by them or their grantee to make good

her share of the personal estate. If the law were other-wise, then where real and personal estate was devised and bequeathed to the same persons, or descended in case of intestacy to the same persons, as heirs and distributees, no one of the devisees or heirs could pass a clear title to his interest in the real estate until the accounts of the personal representative had been duly settled, and he had paid to each legatee or distibutee the portion to which it has been ascertained that he was entitled, no matter how long the final settlement of the transactions of the personal representative might be delayed by the condition of the estate or otherwise. The court did not err in dismissing the original bill of the complainant.

Nor did the court err in refusing leave to file the amended bill for partition of the tract of land. Waiving any possible objection that might lie to it as a departure, in substance, from the original bill, or to the charge of multifariousness, it was not competent for the complainants to require a stoppage of the sale, under the deed of trust, of the interests of the other devisees in the land until her share had been laid off, on the ground that otherwise their interests might be sacrificed by the sale. She was not legally interested in the sale of their interests, and her interest in the land could be in no wise affected by the sale. She could have partition of the land as well after as before the sale, and it is not perceived how she could be prejudiced by the sale. Practically, the amended bill was in the interest of the grantors in the deed of trust, and not for the benefit of the appellant. The court rightly refused leave to the complainants to file the amended bill, and left the female complainant to have partition made of the land by a proper original bill.

The decree appealed from must be affirmed.